**KAZEROUNI LAW GROUP, APC**
Yana A. Hart, Esq. (SBN: 306499)
yana@kazlg.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Fax: (619) 297-1022

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay, Esq. (SBN: 250548)
danielshay@tcpafdcpa.com
2221 Camino Del Rio South, Suite 308
San Diego, CA 92108
Telephone: (619) 222-7429
Fax: (866) 431-3292

*Attorneys for Plaintiff*
Edgar Kennedy

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **EDGAR KENNEDY, individually and on behalf of others,**<br><br>Plaintiff,<br><br>v.<br><br>**GLASS MOUNTAIN CAPITAL, LLC,**<br><br>Defendant. | Case No:  '20CV0554 GPC AHG<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br><br>1. **UNLAWFUL RECORDING OF CELLULAR COMMUNICATIONS UNDER CALIFORNIA PENAL CODE SECTION 632.7**<br>2. **NEGLIGENCE**<br>3. **UNLAWFUL ROCORDING OF CONFIDENTIAL TELEPHONE CALLS, CALIFORNIA PENAL CODE SECTION 632**<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. Edgar Kennedy, ("Plaintiff"), individually and on behalf of all other similarly situated California residents ("Class Members"), brings this action for damages and injunctive relief against Glass Mountain Capital, LLC ("Defendant"), and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, related entities for unauthorized recordings of conversations with Plaintiff and Class Members without any notification nor warning to Plaintiff or Class Members in violation of the California Invasion of Privacy Act, Cal. Pen. Code § 630, et seq. ("CIPA").

2. The California State Legislature passed CIPA in 1967 to protect the right of privacy of the people of California, replacing prior laws, which permitted the recording of telephone conversations with the consent of one party to the conversation. California Penal Code § 632.7 was added to CIPA in 1992 due to specific privacy concerns over the increased use of cellular and cordless telephones. Section 632.7 prohibits intentionally recording all communications involving cellular and cordless telephones, not just confidential communications.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the CIPA cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

## JURISDICTION AND VENUE

8. At all times relevant, Defendant conducted business within the State of California. Jurisdiction is proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because Plaintiff, a resident of the State of California, seeks relief on behalf of a California class, which will result in at least one class member belonging to a different state than that of Defendant, a Delaware Company, headquartered in Illinois.

9. Plaintiff also seeks the greater of statutory punitive damages of $5,000 per violation per violation pursuant to Cal. Civ. Code § 1785.31, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.

10. Therefore, both diversity jurisdiction and the damages threshold under CAFA are present, and this Court has jurisdiction.

11. Because Defendant conducts business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

13. Plaintiff is, and at all times mentioned herein was, a natural person and resident of the State of California, County of San Diego, in this judicial district.

14. Defendant is a and at all times mentioned herein was, a limited liability company registered in Delaware that conducts business in the State of California, in the County of San Diego, within this judicial district.

15. Defendant is, and at all times mentioned herein was, a "person", as defined by Cal. Pen. Code § 632(b).

## FACTUAL ALLEGATIONS

16. Upon information and belief, Defendant records all of its outbound and inbound telephonic conversations.

17. On or around January 26, 2019, at approximately 9:20 am, Defendant called Plaintiff on Plaintiff's cellular telephone from the phone number (619) 327-4221.

18. During the telephonic conversation, Defendant's representative, agent, or employee and Plaintiff discussed Plaintiff's personal information including financial information related to Plaintiff's impending bankruptcy.

19. At the inception of the call, Defendant did not advise Plaintiff that the call was being recorded, and Plaintiff did not consent to the call being recorded. Indeed, at no point did Defendant inform Plaintiff that the call was being recorded. Nonetheless, Defendant was in fact recording the entirety of the approximately 3 minute-long phone conversation between Plaintiff and Defendant.

20. Plaintiff was completely unaware that the call was recorded.

21. Defendant was unprofessional and impolite during the conversation.

22. Defendant surreptitiously recorded its telephone call with Plaintiff on January 26, 2019, in which Plaintiff proffered personal information, all the while Defendant did not provide any disclosure to Plaintiff regarding its recording.

23. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was shocked, upset and angry that Defendant recorded its telephone conversation with Plaintiff without Plaintiff's knowledge or consent.

24. Plaintiff only recently discovered that Defendant records all inbound and outbound communications with consumers, including the autodialed communications with Plaintiff.

25. During Defendant's the secretly recorded call, Defendant did not cause to be played intermittent beeping tones to alert Plaintiff to possible audio recording of the calls.

26. Defendant recorded or otherwise made an unauthorized connection to Plaintiff's conversation with Defendant and its employee in violation of California's statutory and common law against such unlawful intrusions into a person's private affairs, including the California Constitution's prohibition in Article 1, Section 1.

27. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was shocked, upset, humiliated, vulnerable, and angry that Defendant audio recorded one or more cellular telephone conversations with Plaintiff without Plaintiff's knowledge or consent, which privacy right is specifically protected by Cal. Pen. Code § 630, et seq.

28. This suit seeks only damages and injunctive relief for recovery of economic injury and it expressly is not intended to request any recovery for personal injury and claims related thereto.

**ACCRUAL OF RIGHTS TO PRIVACY CLAIMS, CONTINUING VIOLATION, EQUITABLE TOLLING, AND FRAUDULENT CONCEALMENT**

29. Plaintiff did not discover, and could not discover through the exercise of reasonable diligence, the fact that Defendant was recording the telephone conversations with Plaintiff and those similarly situated without their knowledge or consent.

30. Defendant concealed from Plaintiff and members of the CIPA Class that it was recording the telephone calls between itself on the one hand and Plaintiff and those similarly situated on the other hand.

31. Defendant concealed the fact that it was recording the afore-mentioned phone calls to create the false impression in the minds of Plaintiff and those similarly situated without their knowledge or consent that they were not being recorded. At the outset of the phone calls there was no warning that the phone calls were, or even may, be recorded. Such warnings are ubiquitous today.

32. Plaintiff was justified in not bringing the claim earlier based on Defendant's failure to inform Plaintiff and those similarly situated that the phone calls were being recorded.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this lawsuit as a class action on behalf of himself and Class Members of the proposed Classes. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

34. Plaintiff proposes the following Classes consisting of and defined as follows:

    A. Confidential Communication Class for Violation of Penal Code § 632, consisting of;

    All persons in California, that never called Defendant, whose first call from Defendant was recorded without their consent by Defendant and/or its agent/s within the one year prior to the filing of the Complaint through the date of class certification.

    B. The Cellular Phone Communication Class for Violation of Penal Code § 632.7

    All persons in California whose cellular telephone conversations were recorded without their consent by Defendant and/or its agent(s) within the one year prior to the filing of the Complaint.

35. Excluded from the Classes are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned

and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

36. Plaintiff reserves the right to redefine the Classes and to add subclasses as appropriate based on discovery and specific theories of liability

37. <u>Numerosity</u>: The Class Members are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the each Class is currently unknown to Plaintiff at this time; however, given that, on information and belief, Defendant called thousands of class members statewide and recorded those calls during the class period, it is reasonable to presume that the members of the Classes are so numerous that joinder of all members is impracticable.  The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

38. <u>Commonality</u>: There are common questions of law and fact as to Class Members that predominate over questions affecting only individual members, including, but not limited to:

    a. Whether, within the statutory period Defendant recorded any call with the Class Members;
    b. Whether the recorded calls are confidential;
    c. Whether Defendant had, and continues to have, a policy during the relevant period of recording telephone calls made to the Class Members;
    d. Whether Defendant's policy or practice of recording telephone communications with Class Members constitutes an invasion of privacy and a violation of Cal. Penal Code § 632.7;
    e. Whether Plaintiff and the Class Members were damaged thereby, and the extent of damages for such violation; and
    f. Whether Defendant should be enjoined from engaging in such conduct in the future.

39. <u>Typicality</u> Plaintiff's conversation was unlawfully recorded without a warning of such recording, and thus, Plaintiff's injuries are also typical to Class Members.

40. Plaintiff and Class Members were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally recorded the Plaintiff and Class Members' conversations with Defendant, and Defendant invading the privacy of said Plaintiff and Class. Plaintiff and Class Members were damaged thereby.

41. <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom Plaintiff is similarly situated, as demonstrated herein. Plaintiff acknowledges that Plaintiff has an obligation to make known to the Court any relationships, conflicts, or differences with any Class Member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counsel is experienced in handling claims involving consumer actions and violations of the California Penal Code section 632 *et seq*. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

42. <u>Predominance</u>: Questions of law or fact common to the Class Members predominate over any questions affecting only individual members of the Class. The elements of the legal claims brought by Plaintiff and Class Members are capable of proof at trial through evidence that is common to the Class rather than individual to its members.

43. <u>Superiority</u>: A class action is a superior method for the fair and efficient adjudication of this controversy because:

   a. Class-wide damages are essential to induce Defendant to comply with California law.
   b. Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct.
   c. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.
   d. Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.
   e. Class action treatment is manageable because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would endanger.
   f. Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy.

44. Plaintiff and the Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. A class action is also superior to other available methods because as individual Class Members have no way of discovering that Defendant recorded their telephone conversations without Class Members' knowledge or consent.

45. The Class may also be certified because:
   a. the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudication with respect to
   b. individual Class Members, which would establish incompatible standards of conduct for Defendant;
   c. the prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them that would, as a practical

        matter, be dispositive of the interests of other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

    d.   Defendant has acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

46. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of Class Members and it expressly is not intended to request any recovery for personal injury and claims related thereto.

47. The joinder of Class Members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class Members can be identified through Defendant's records.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### KNOWING AND/OR WILLFUL ILLEGAL RECORDING OF CELLULAR PHONE CONVERSATIONS

### UNDER CALIFORNIA PENAL CODE § 632.7

48. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

49. At all relevant times hereto, Defendant had and followed a policy and practice of using a telecommunications system that enabled it to surreptitiously record cellular telephone communications between Defendant and Plaintiff and Class Members.

50. At all relevant times hereto, Defendant intentionally and surreptitiously recorded cellular telephone calls concerning confidential matters between Defendant and Plaintiff and Class Members.

51. At all relevant times hereto, Defendant had and followed a policy and practice of not advising or warning Plaintiff and Class Members at the beginning of a

conversation that their cellular telephone communications with Defendant would be recorded.

52. Defendant failed to obtain consent of Plaintiff and Class Members prior to recording any of their cellular telephone conversations.

53. This conduct by Defendant violated section 632.7(a) of the California Penal Code.

54. Plaintiff and Class Members are entitled to recovery of statutory damages in the amount of $5,000.00 per violation of Cal. Pen. Code § 632.7.

55. Plaintiff's counsel is also entitled to attorneys' fees and costs pursuant to Cal. Code of Civ. Proc. § 1021.5.

## SECOND CAUSE OF ACTION

## NEGLIGENCE

56. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

57. Defendant owed a duty to Plaintiff and the Class to exercise reasonable care in recording as well as in engaging in confidential conversations with Plaintiffs and the Class members.

58. Defendant breached its duties by failing to obtain consent from Plaintiff and the Class or in any way warning them that their calls were being recorded. Instead, Defendant covertly recorded cellular telephone calls concerning confidential matters between Defendant and Plaintiff and Class Members without their knowledge and or authorization.

59. But for Defendant's wrongful and negligent breach of its duties owed to Plaintiff and the Class, their privacy would not have been improperly invaded. Defendant's negligence was a direct and legal cause of the intrusion of into Plaintiff and Class' privacy resulting in damages.

60. The injury and harm suffered by Plaintiff and the Class members was the reasonably foreseeable result of Defendant's failure to exercise reasonable

care with its disclosures, and which the Cal. Pen. Code § 632.7 was designed to prevent.

61. These damages include, but are not limited to, invasion of Plaintiff and the Class' constitutionally protected right to privacy, emotional distress, shock, and effort and money in responding to Defendant's negligence.

### THIRD CAUSE OF ACTION
### RECORDING OF CONFIDENTIAL CALLS
### UNDER CALIFORNIA PENAL CODE § 632

62. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

63. At all relevant times hereto, Defendant had and followed a policy and practice of using a telecommunications system that enabled it to surreptitiously record telephone communications between Defendant and Plaintiff and Class Members.

64. At all relevant times Plaintiff and all Class Members have an expectation of privacy in their conversations with Defendants and their employees and agents, and did not expect, or have knowledge of, any such illegal recording or other unauthorized connections to their conversations.

65. As such, these communications were "confidential" as a matter of law.

66. At all relevant times hereto, Defendant had and followed a policy and practice of not advising or warning Plaintiff and Class Members at the beginning of a conversation that their confidential telephone communications with Defendant would be recorded.

67. Defendant failed to obtain consent of Plaintiff and Class Members prior to recording any of their confidential telephone conversations.

68. This conduct by Defendant violated section 632 of the California Penal Code.

69. Plaintiff and Class Members are entitled to recovery of statutory damages in the amount of $5,000.00 per violation of Cal. Pen. Code § 632.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class Members pray that judgment be entered against Defendant, and Plaintiff and the Class be awarded damages from Defendant, as follows:

- Certify the Class(es) as requested herein;
- Appoint Plaintiff to serve as the Class Representative for the Class(es); and
- Appoint Plaintiff's Counsel as Class Counsel in this matter for the Class(es).

In addition, Plaintiff and the Class Members pray for further judgment as follows against Defendant:

### ILLEGAL TELEPHONE RECORDING OF CELLULAR PHONE CONVERSATIONS UNDER CALIFORNIA PENAL CODE § 632.7

- Statutory damages of $5,000.00 for each Class Member pursuant to California Penal Code § 637.2(a);
- Reasonable attorneys' fees pursuant to Cal. Code of Civ. Proc. § 1021.5;
- Injunctive relief to prevent the further occurrence of such illegal acts pursuant to California Penal Code § 637.2(b);
- An award of costs; and
- Any other relief the Court may deem just and proper including interest.

### NEGLIGENCE

- Punitive damages;
- Injunctive relief, prohibiting such conduct in the future; and
- Any other relief the Court may deem just and proper.

///

**RECORDING OF CONFIDENTIAL CALLS**

**UNDER CALIFORNIA PENAL CODE § 632**

- $5,000 to each Class Member pursuant to California Penal Code § 637.2(a); Reasonable attorneys' fees pursuant to Cal. Code of Civ. Proc. § 1021.5; Injunctive relief to prevent the further occurrence of such illegal acts;
- An award of costs to Plaintiff; and
- Any other relief the Court may deem just and proper including interest.

**TRIAL BY JURY**

70. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

**KAZEROUINI LAW GROUP, APC**

Date: March 24, 2020

By: *s/ Yana A. Hart*
Yana A. Hart, Esq.
yana@kazlg.com
Attorneys for Plaintiff